**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**JOHN DOE**,

Plaintiff,

v.

**NEW JERSEY STATE PRISON, *et al.***,

Defendants.

Civil Action No. 24-8290 (ZNQ) (JTQ)

**OPINION**

**QURAISHI, District Judge**

**THIS MATTER** comes before the Court upon a motion for John Doe protection and identification for above Plaintiff filed by *pro se* Plaintiff John Doe, an inmate confined at New Jersey State Prison ("NJSP") in Trenton, New Jersey. (Mot. for Joe Doe Protection & Identification for Above Plaintiff ("Mot. for John Doe Protection"), ECF No. 3.) No opposition has been filed because the Complaint has not yet been served.

The Court has carefully considered Plaintiff's submissions and decided the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will grant Doe's motion.

## I. BACKGROUND AND PROCEDURAL HISTORY

The following is a summary of Doe's allegations relevant to the motion as outlined in his Complaint. (Compl., ECF No. 1.) Doe alleges that Defendants failed to protect him after he became a "C.I." or confidential informant for the NJSP's Special Investigations Division ("SID").(*Id.* ¶¶ 13, 54).

Specifically, Doe was assaulted by two other inmates, who were stealing and dealing drugs and accused Doe of being a snitch. (*Id.* ¶ 27.) He reported the assault and was interviewed by investigators from SID. (*Id.* ¶ 28.) He identified his assailants and why they attacked him. (*Id.*) Doe was subsequently questioned by Defendant Investigator Ms. DePalo, or "Ms. D," an SID investigator. (*Id.* ¶ 31.) The investigator told Doe that one of the attackers was a very dangerous individual that SID was investigating for drug smuggling. (*Id.*) She asked Doe to help with the investigation and promised to protect him, giving him a telephone number to call for any emergencies. (*Id.*) Doe agreed to become a confidential informant for SID. (*See Id.* ¶¶ 13, 31, 54).

Over the weekend, Doe called DePalo to report that he was being threatened and to ask to be moved to another unit or protective custody. (*Id.* ¶ 32.) She said that he could not be moved until Monday and that he could not be placed in protective custody. (*Id.*) Two inmates punched Doe, knocking him unconscious. (*Id.*¶ 34.) In the infirmary, he was threatened by an inmate, one of his assailants was put in the cell next to him, the assailant made threats and told other inmates Doe was a snitch, and the other inmates began to threaten him. (*Id.* ¶¶ 36–40.) Doe was interviewed by SID, and he answered their questions. (*Id.* ¶¶ 36, 39.) DePalo agreed to transfer Doe to protective custody. (*Id.* ¶ 39.) Before his transfer, he was also told by an officer on duty that nothing could be done because "the Sgt. was the one who put that inmate there." (*Id.* ¶ 40.)

Doe was then escorted to a protective custody unit. (*Id.* ¶ 42.) He refused to answer Defendant Officer Cupo's questions. (*Id.*) In the unit, he heard Officer Tallar tell other inmates that Doe was an SID informant, and, in response, one inmate began screaming that he was a notorious informant. (*Id.*) Doe further alleges that he has been having problems in the unit because he is being housed with gang members under involuntary protective custody, including some

inmates who had threatened him, and he heard Officer Nieves tell gang members that Doe was going to see SID. (*Id.* ¶ 50.)

In his first cause of action, Doe alleges that Defendants violated his constitutional rights by failing to protect him from assaults and physical injuries. (*Id.* ¶¶ 53–54.) On August 5, 2024, Doe filed his "Motion for Joe Doe Protection and Identification for Above Plaintiff," as well as a supporting certification. (Mot. for John Doe Protection, ECF No. 3; Certif. of John Doe in Supp. of Mot. for Appointment of Counsel & Mot. for John Doe Protection ("Certif."), ECF No. 1-4.) The protection motion is ripe for determination.

## II. LEGAL STANDARD

It is well established that "[o]ne of the essential qualities of a Court of Justice [is] that its proceedings should be public," an "important dimension" of which is that the person using the court identify themselves. *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (quoting *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997)). The use of pseudonyms "runs afoul of the public's common law right of access to judicial proceedings . . . ." *Id.* (quoting *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000)). Federal Rule of Civil Procedure 10(a) reflects those principles, requiring that the caption of a complaint name all parties.

While not expressly permitted under Rule 10(a), courts have allowed a party to proceed anonymously in exceptional circumstances. *See, e.g.*, *Megless*, 654 F.3d at 408. To proceed under a pseudonym, a plaintiff must establish (1) fear of severe harm and (2) that the fear of harm is reasonable. *Id.* (quoting *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1043 (9th Cir. 2010)). In *Megless*, the United States Court of Appeals for the Third Circuit summarized nine non-exclusive factors courts should consider when determining whether a litigant

has a reasonable fear of severe harm that outweighs the public interest in open litigation. *Id.* at 409. The six factors that weigh in favor of anonymity are:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

*Id.* (quoting *Doe v. Provident Life & Acc. Ins. Co.*, 176 F.R.D. 464, 467-68 (E.D. Pa. 1997)). The three factors that weigh against anonymity include:

> (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

*Id.* (quoting *Provident Life Acc. & Ins. Co.*, 176 F.R.D. at 467-68).

## III. DISCUSSION

In his motion, Doe indicates that he is in imminent danger because he was assaulted and seriously injured while he was a confidential informant helping prison investigators. (Mot. for John Doe Protection 1.) He similarly states in his certification that he was a confidential informant for the SID, he was assaulted and seriously injured, and he thereby will be in imminent danger if his real name is disclosed publicly. (Certif. ¶ 3.) Considering his assertions together with the

allegations in his Complaint, the Court concludes that Doe has met his burden to proceed under a pseudonym.

**A. *Megless* Factors Weighing in Favor of Anonymity**

As to the first *Megless* factor favoring anonymity, Doe's allegations indicate that several other inmates, including his alleged assailants, knew or at the very least suspected that he was a confidential informant. (*See, e.g.*, *id.*; Compl. ¶¶ 27, 40.) However, there is no indication that Doe has attempted to publicize his identity as a confidential informant, either to the general public or to the other inmates confined at the NJSP. There is also no suggestion that Doe's status is known to the general prison population. *See, e.g.*, *Doe v. Rutgers*, Civ. No. 18-12592, 2018 WL 1967021, at *2 (D.N.J. Apr. 30, 2019) ("Contrary to Defendant's assertion, this case stands in sharp contrast to instances where courts have found that anonymity would be futile because the plaintiff's name was already widely known.") (citing *Megless*, 654 F.3d at 410 (plaintiff's identity disclosed on publicly circulated flyer); *B.L. v. Zong*, Civ. No. 15-1327, 2017 WL 1036474, at *3–4 (M.D. Pa. Mar. 17, 2017) (alleged sexual assault victim had "engaged ... in braggadocio" regarding the alleged assault, and his name had been publicly disclosed in another proceeding). Accordingly, this factor weighs in Doe's favor.

The second factor also supports anonymity because Doe has established that he has a reasonable fear of physical and emotional harm. *Megless*, 654 F.3d at 410 (considering under the second factor the harm the litigant is seeking to avoid and the reasonableness of his or her fear). In his Complaint, he alleges that he has been labeled a "snitch" and, as a result, has been the target of several physical assaults (including one assault that left him unconscious and required medical treatment) and verbal harassment (*id.* ¶¶ 27, 34, 36–40, 50; *see also* Certif. ¶ 3). *See, e.g.*, *Doe v. United States*, Civ. No. 19-1673, 2019 WL 6218832, at *5 (M.D. Pa. Nov. 21, 2019) ("Here, the

Court recognizes that Plaintiff's complaint involves allegations that he has been labeled as a 'rat' and a rapist, which has caused him to experience 'ridicule and harassment' as well as violence from other prisoners.") (citing *B.L.* 2017 WL 1036474, at *3). Although he is currently in protective custody (Compl. ¶ 50), Doe claims that some of the inmates who have threatened him are housed in the same unit, and he reasonably certifies that he "will be in imminent danger if my real name is disclosed" (Certif. ¶ 3).

As to the third factor, it weighs in Doe's favor because, "[i]f this litigant is forced to reveal his . . . name, . . . other similarly situated litigants," specifically confidential informants who are the alleged victims of assault and harassment that prison officials allegedly failed to prevent, would "be deterred from litigating claims that the public would like to have litigated." *Megless*, 654 F.3d at 410; *see also, e.g.*, *Doe v. Trishul Consultancy, LLC*, Civ. No. 18-16468, 2019 WL 4750078, at *4 (D.N.J. Sept. 30, 2019) ("Courts have a strong interest in incentivizing plaintiffs to litigate their claims without threat of revictimization, and as a result, there is a strong public interest in maintaining the confidentiality of Plaintiff's identity.").

As to the remaining four factors supporting anonymity, they are either neutral or only weakly weigh against anonymity. It is unclear at this stage of the proceeding whether the facts are "not relevant to the outcome of the claim." *Megless,* 654 F.3d at 410. It is conceivable that this case could be resolved on legal grounds, but Doe's Complaint also includes factual allegations regarding, for example, the circumstances of the prior assaults and his interactions with SID Investigator DePalo. (*See, e.g.*, Compl. ¶¶ 31, 33.) Accordingly, the fourth factor partially weighs against Doe. Furthermore, Doe has not stated whether he would proceed with this action even if his identity is disclosed, and there is no indication whether Doe is seeking to use a pseudonym for nefarious reasons. *See, e.g.*, *Megless*, 654 F.3d at 410–11. Thus, the fifth and six factors weigh

neither for nor against anonymity. *Cf., e.g.*, *Rutgers*, 2019 WL 1967021, at *3 (stating that fifth factor did not apply because of plaintiff's representation that she would pursue this action even if she was required to disclose her identity).

**B. *Megless* Factors Weighing Against Anonymity**

The Court now moves to the *Megless* factors weighing against the use of a pseudonym. First, the Third Circuit in *Megless* acknowledged "the thumb on the scale that is the universal interest in favor of open judicial proceedings . . . ." 654 F.3d at 411. However, this factor does not, by itself, outweigh the balancing of factors in favor of proceeding anonymously discussed above. *See, e.g.*, *Doe v. Hartford Life & Acc. Ins. Co.*, 237 F.R.D. 545, 551 (D.N.J. 2006) ("The only factor against Plaintiff's use of a pseudonym is the public's general interest in having access to the identity of litigants. However, this interest exists in some respect in all litigation, and does not outweigh the strength of the factors in favor of Plaintiff's use of a pseudonym."). The Court next considers "whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained." *Megless*, 654 F.3d at 409. Although Defendants are a purported public entity and public officials, this factor focuses on the status of the litigant seeking to proceed pseudonymously, not of the opposing parties. *See, e.g.*, *Doe v. Oshrin*, 299 F.R.D. 100, 104 (D.N.J. 2014) (clarifying that this factor asks whether the plaintiff is a public figure). The Court does not find the second factor weighs against anonymity because it does not appear that the public has an unusually strong interest in knowing the identity of Doe, a non-public figure. Lastly, the Court considers whether the party opposing the use of a pseudonym is doing so based on nefarious reasons, *Megless*, 654 F.3d at 411; however, Defendants have not been served. Accordingly, this final factor is inapplicable.

Upon consideration of each factor and their respective weights, the Court finds that this case falls into that special category of cases in which the party's privacy interests outweigh the public's interest in open judicial proceedings. Specifically, Doe's interests outweigh the interest in open proceedings because he claims that he has been the victim of physical and verbal retaliation due to Defendants' failure to protect their confidential informant and reasonably fears that he would be the victim of further attacks if his identity is publicly disclosed. (*See, e.g.*, Compl. ¶¶ 27–28, 31–33, 36–40, 42, 50, 52–54; Certif. ¶ 3.) Disclosure of Doe's identity could deter similarly situated inmates from pursuing their claims, and the public also lacks a strong interest in knowing of a non-public figure. Accordingly, the motion will be granted.[1] For clarity, the Court notes that it reaches this decision based on the current record and without the benefit of any opposition because Defendants have not yet been served. The Court's decision is therefore without prejudice to Defendants' rights to later oppose Plaintiff's anonymity.

## IV. CONCLUSION

For the reasons stated above, the Court will grant the motion for John Doe protection and identification for above Plaintiff. An appropriate Order will follow.

Date: August 9, 2024

**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**

[1] Doe's name also appears in his Complaint and the attached cover letter (ECF No. 1-1), envelope (ECF No. 1-2), IFP application (ECF No. 1-3), and certification (ECF No. 1-4). His name also appears in his motion for appointment of counsel and protection motion (ECF Nos. 2, 3). The Court will seal the Complaint and supporting documents together with his two motions. The Court will order the parties to use the "John Doe" pseudonym for Plaintiff in future documents filed herein, but it does not intend to seal new filings at this time.