# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN DOE, | : |
| Plaintiff, | : Civil Action No. 24-8290 (ZNQ)(JTQ) |
| v. | : **MEMORANDUM OPINION** |
| NEW JERSEY STATE PRISON, *et al.*, | : **AND ORDER** |
| Defendants. | : |

On September 13, 2024, the Court denied Plaintiff's motion for the appointment of *pro bono* counsel, finding that "this matter presents relatively straightforward legal issues[,]" is "not unusually complex[,]" and that "Plaintiff appears capable of presenting his case without the assistance of counsel." (ECF No. 6, "September 13 Order" at 5). Plaintiff now claims that the Court's September 13 Order should be revisited. According to Plaintiff, there was a "mix-up with [his] paperwork" and, as a result, the Court did not "consider[]" a "Certification Plaintiff submitted in support of []his Motion." ECF No. 7. Plaintiff argues this "mix-up" warrants reconsideration. I disagree. In the end, Plaintiff's *motions* (ECF Nos. 7 & 9) suffer both procedural and substantive defects.[1] Consequently, the motions are denied.

---

[1] ECF Nos. 7 and 9 are essentially identical; both contain a "notice of motion for reconsideration," a Certification of John Arias, and both seek the same relief. To be sure, Plaintiff even indicates at the top of page two in his second motion for reconsideration (ECF No. 9) that he is "resubmit[ing]" his earlier motion. Given the significant overlap in form and substance, the Court considers the motions together.

I. **BACKGROUND**

Plaintiff, an inmate at New Jersey State Prison ("NJSP") in Trenton, New Jersey, brought this action against NJSP, N.J. Department of Corrections, Special Investigations Division, University Correctional Healthcare Rutgers, and individual officers and supervisors (collectively, "Defendants") after they allegedly failed to protect him while he served as an informant for NJSP's Special Investigations Division ("SID"). *See* ECF No. 1. In short, Plaintiff alleges that when he agreed to be an informant, he was provided a phone number to use in case of emergencies but when he used the phone to call Ms. DePalo, or "Ms. D," of the SID, she declined to help him. *Id*. ¶¶ 31-32.

Plaintiff contends that after Ms. D. refused to transfer him to safety when he called, he was attacked by two inmates and knocked unconscious. *Id*. ¶ 33. Thereafter, Plaintiff claims that he was subjected to further mistreatment when he was brought to the infirmary–namely that the medical care was improper, he was tormented by the inmate who assaulted him, and his personal property (including clothing and toiletries) was kept from him. *Id*. ¶¶ 34-45. Plaintiff alleges that these facts constitute violations of the First, Fifth, Eighth, and Fourteenth Amendment violations as well as various state and federal laws. *Id*. ¶¶ 52-89.

II. **LEGAL STANDARD**

Local Civil Rule 7.1(i) governs motions for reconsideration and requires the moving party to "set[ ] forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked[.]" L. Civ. R. 7.1(i). The

2

burden on the moving party is quite high and reconsideration is granted very sparingly. To prevail on such a motion, the movant must demonstrate either: "(1) an intervening change in the controlling law; (2) the availability of new evidence…; or (3) the need to correct a clear error of law or prevent manifest injustice." *Reardon v. Zonies*, 730 F. App'x 129, 132 (3d Cir. 2018).

Notably, a motion seeking reconsideration may not be used by a party to "restate arguments that the court has already considered." *Lawrence v. Emigrant Mortg. Co.*, 2012 WL 5199228, *2 (D.N.J. Oct. 18, 2012). Nor may such a motion be used "to relitigate old matters, [ ] or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). In other words, "[a] motion for reconsideration [ ] does not entitle a party to a second bite at the apple. *Ippolito v. Carpenito*, 2020 WL 1847671, at *1 (D.N.J. Apr. 13, 2020). Further, where a party merely has a difference of opinion with the court's decision, the issue should be raised through the normal appellate process; reconsideration is not the appropriate vehicle. *Dubler v. Hangsterfer's Laboratories*, 2012 WL 1332569, *2 (D.N.J. Apr. 17, 2012).

### III.   ANALYSIS

Plaintiff seeks reconsideration of the Court's *pro bono* decision, arguing that his Certification should result in a different outcome. The Certification was first filed along with the Complaint (ECF No. 1-4) but was enclosed for consideration in support of Plaintiff's motion for *pro bono* counsel for the first time in the instant motion. According to Plaintiff, "the Appointment of Counsel is necessary because a factual

3

investigation will be necessary and Plaintiff will be unable to do this because he is currently in prison." Cert. ¶ 4. Plaintiff further certifies that "expert testimony and credibility determinations in a complex number of legal issues" will be required. *Id*. Neither argument warrants reconsideration.

### A. Procedural Issues

Plaintiff's motion suffers two procedural issues, each of which independently warrant denying Plaintiff's motion. *First*, any motion for reconsideration "must be filed within 14 days after the entry of the order . . . on the original motion." L. Civ. R. 7.1(i). Plaintiff plainly failed to do that here. Indeed, Plaintiff's motion was filed on October 15, 2024, which is well after the 14 days required by the Rule. Plaintiff's motion fails for this reason alone.

*Second*, even if Plaintiff's motion was timely, the Court would still be reluctant to address the motion at this juncture. Plaintiff's application to proceed *in forma pauperis* ("IFP") has yet to be approved and, as such, the Complaint is not deemed filed by the Clerk; it has only been marked "received." And where a complaint is only "received" by the Clerk without payment of filing fees, there is no filed complaint. *See Miller v. New Jersey*, 2013 WL 2149692, at *4 (D.N.J. May 16, 2013) (finding motion relying on unfiled complaint premature); *see also Hoffman v. Cnty. of Atl.*, 2013 WL 12155820, at *1 (D.N.J. May 24, 2013) (citing L. Civ. R. 5.1(f)) ("[t]he Clerk will not file a civil complaint unless the person seeking relief pays the entire applicable filing fee in advance or the person applies for and **is granted** *in forma pauperis* status pursuant to 28 U.S.C. § 1915") (emphasis added).

4

### B. Substantive Defects

Although Plaintiff's motion could be denied for the significant procedural issues noted above, the Court will address whether Plaintiff's arguments would in any event provide a proper basis for reconsideration. They would not.

In support of his motion, Plaintiff does not so much as cite the reconsideration standard. He likewise makes no effort to show that the September 13 Order should be reviewed based on "an intervening change in controlling law . . . the availability of new evidence [ ] or … the need to correct [a] clear error of law or prevent manifest injustice." *Reardon*, 730 F. App'x at 132. Instead, Plaintiff simply urges the Court to reconsider its prior Order due to what he calls a "mix-up" (ECF No. 9 at 1; ECF No. 7 at 1). But neither the "mix-up" nor Plaintiff's Certification provide a sufficient basis for reconsideration.

The most that can be inferred from Plaintiff's motion is that he tried to present "new evidence" by attaching the Certification to the pending motion for reconsideration.[2] *Reardon*, 730 F. App'x at 132. Yet, in the Certification, Plaintiff merely claims in conclusory fashion that he needs counsel because the case will require factual investigation, which he cannot conduct from prison, and "expert testimony and credibility determinations in a complex number of legal issues." Cert. ¶ 4.[3] Plaintiff fails to provide any information on what investigation or testimony he

---

[2] Even this reading of Plaintiff's motion is a stretch since he provides no reasonable explanation for why the Certification was not properly filed for consideration along with the rest of the papers in support of his motion for *pro bono* counsel (ECF No. 2).

[3] Plaintiff also certifies that he contacted the ACLU-NJ Office (Cert. ¶ 5), however this fact has no bearing on whether or not the Court appoints counsel.

contends the case will require or why either would necessitate the appointment of counsel. As such, the Court is not persuaded by the Plaintiff's conclusory, self-serving Certification and finds it insufficient to demonstrate Plaintiff's entitlement to *pro bono* counsel, particularly when the Court already concluded "this matter presents relatively straightforward legal issues[,] is "not unusually complex[,]" and that "Plaintiff appears capable of presenting his case without the assistance of counsel." September 13 Order at 5.

A motion for reconsideration is not a procedural vehicle for parties to take a "second bite at the apple." *See Ippolito*, 2020 WL 1847671 at \*1; *see also United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994) ("The purpose of the [reconsideration] rule … is… to prevent parties from filing a second motion, with the hindsight provided by the court's analysis, covering issues that should have been raised in the first set of motions."). In rendering its original decision, the Court did not overlook any fact or misunderstand the record. And there is no basis for reconsideration. Consequently, Plaintiff's motion for reconsideration is denied.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff has failed to meet the necessary burden on a motion for reconsideration. And even if Plaintiff's Certification were properly before the Court, it would not have impacted the September 13 Order in any way. Accordingly,

IT IS on this 26th day of November 2024,

**ORDERED** that both of Plaintiff's Motions for Reconsideration (ECF Nos. 7 & 9) are **DENIED**; and it is further

**ORDERED** that the Clerk is directed to terminate ECF Nos. 7 and 9.

_____
JUSTIN T. QUINN
UNITED STATES MAGISTRATE JUDGE