Margaret Raymond-Flood, Esq.
**NORRIS McLAUGHLIN, P.A.**
400 Crossing Boulevard, 8th Floor
Bridgewater, NJ 08807
Phone: (908) 722-0700
Direct: (908) 252-4228
Email: mraymondflood@norris-law.com
*Attorneys for Defendants, Dr. Samuel Lopez,*
*Dr. Ihuoma Nwachukwu, and*
*Kenneth B. Bass, i/p/a Nurse Bass*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOHN DOE,<br><br>                    Plaintiff,<br><br>          v.<br><br>NEW JERSEY STATE PRISON, et al.,<br><br>                    Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Civil Action No.: 3:24-cv-08290-ZNQ-JTQ<br><br>Document Electronically Filed<br><br>**DEFENDANTS DR. LOPEZ'S, DR. NWACHUKWU'S, AND NURSE BASS' ANSWER TO PLAINTIFF'S COMPLAINT** |

By way of Answer to Plaintiff John Doe's ("Plaintiff") Complaint, Defendants

Dr. Samuel Lopez, ("Dr. Lopez"), Dr. Ihuoma Nwachukwu ("Dr. Nwachukwu"), and

Kenneth B. Bass, improperly pled as Nurse Bass ("Bass") (together "Defendants")

hereby state:

## I.   CIVIL RIGHTS COMPLAINT WITH A JURY DEMAND

1. Defendants do not admit or deny the allegations contained in Paragraph 1 of the Complaint as they set forth legal conclusions to which no response is required.

2. Defendants do not admit or deny the allegations contained in Paragraph 2 of the Complaint as they set forth legal conclusions to which no response is required.

3. Defendants do not admit or deny the allegations contained in Paragraph 3 of the Complaint as they set forth legal conclusions to which no response is required.

4. Defendants do not admit or deny the allegations contained in Paragraph 4 of the Complaint as they set forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 4 of the Complaint.

## II.   JURISDICTION

5. Defendants do not admit or deny the allegations contained in Paragraph 5 of the Complaint as they set forth legal conclusions to which no response is required.

6. Defendants do not admit or deny the allegations contained in Paragraph 6 of the Complaint as they set forth legal conclusions to which no response is required.

7. Defendants do not admit or deny the allegations contained in Paragraph 7 of the Complaint as they set forth legal conclusions to which no response is required.

### III.    PARTIES

8.  Defendants admit Plaintiff is currently incarcerated by the State of New Jersey but is without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 8 of the Complaint.

9.  Defendants do not admit or deny the allegations contained in Paragraph 9 of the Complaint as they are not directed at these Defendants.

10. Defendants do not admit or deny the allegations contained in Paragraph 10 of the Complaint as they are not directed at these Defendants.

11. Defendants do not admit or deny the allegations contained in Paragraph 11 of the Complaint as they are not directed at these Defendants.

12. Defendants do not admit or deny the allegations contained in Paragraph 12 of the Complaint as they are not directed at these Defendants.

13. Defendants do not admit or deny the allegations contained in Paragraph 13 of the Complaint as they are not directed at these Defendants.

14. Defendants do not admit or deny the allegations contained in Paragraph 14 of the Complaint as they are not directed at these Defendants.

15. Defendants admit Dr. Nwachukwu is a doctor but denies the remaining allegations as to her.  Defendants are without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 15 of the Complaint.

16. Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17. Defendants do not admit or deny the allegations contained in Paragraph 17 of the Complaint as they are not directed at these Defendants.

18. Defendants do not admit or deny the allegations contained in Paragraph 18 of the Complaint as they are not directed at these Defendants.

## IV.    STATEMENT OF FACTS

19. Defendants do not admit or deny the allegations contained in Paragraph 19 of the Complaint as they are not directed at these Defendants.

20. Defendants do not admit or deny the allegations contained in Paragraph 20 of the Complaint as they are not directed at these Defendants.

21. Defendants do not admit or deny the allegations contained in Paragraph 21 of the Complaint as they are not directed at these Defendants.

22. Defendants do not admit or deny the allegations contained in Paragraph 22 of the Complaint as they are not directed at these Defendants.

23. Defendants do not admit or deny the allegations contained in Paragraph 23 of the Complaint as they are not directed at these Defendants.

24. Defendants do not admit or deny the allegations contained in Paragraph 24 of the Complaint as they are not directed at these Defendants.

25. Defendants do not admit or deny the allegations contained in Paragraph 25 of the Complaint as they are not directed at these Defendants.

26. Defendants do not admit or deny the allegations contained in Paragraph 26 of the Complaint as they are not directed at these Defendants.

27. Defendants do not admit or deny the allegations contained in Paragraph 27 of the Complaint as they are not directed at these Defendants.

28. Defendants do not admit or deny the allegations contained in Paragraph 28 of the Complaint as they are not directed at these Defendants.

29. Defendants do not admit or deny the allegations contained in Paragraph 29 of the Complaint as they are not directed at these Defendants.

30. Defendants do not admit or deny the allegations contained in Paragraph 30 of the Complaint as they are not directed at these Defendants.

31. Defendants do not admit or deny the allegations contained in Paragraph 31 of the Complaint as they are not directed at these Defendants.

32. Defendants do not admit or deny the allegations contained in Paragraph 32 of the Complaint as they are not directed at these Defendants.

33. Defendants do not admit or deny the allegations contained in Paragraph 33 of the Complaint as they are not directed at these Defendants.

34. Defendants do not admit or deny the allegations contained in Paragraph 34 of the Complaint as they are not directed at these Defendants.

35. Defendants admit the allegation set forth in Paragraph 35 that Dr. Nwachukwu saw Plaintiff on August 1, 2022, and Defendants deny the remaining allegations contained in Paragraph 35 of the Complaint.

36. Defendants do not admit or deny the allegations contained in Paragraph 36 of the Complaint as they are not directed at these Defendants.

37. Defendants do not admit or deny the allegations contained in Paragraph 37 of the Complaint as they are not directed at these Defendants.

38. Defendants do not admit or deny the allegations contained in Paragraph 38 of the Complaint as they are not directed at these Defendants.

39. Defendants do not admit or deny the allegations contained in Paragraph 39 of the Complaint as they are not directed at these Defendants.

40. Defendants do not admit or deny the allegations contained in Paragraph 40 of the Complaint as they are not directed at these Defendants.

41. Defendants are without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 41 of the Complaint.

42. Defendants do not admit or deny the allegations contained in Paragraph 42 of the Complaint as they are not directed at these Defendants.

43. Defendants do not admit or deny the allegations contained in Paragraph 43 of the Complaint as they are not directed at these Defendants.

44. Defendants do not admit or deny the allegations contained in Paragraph 44 of the Complaint as they are not directed at these Defendants.

45. Defendants do not admit or deny the allegations contained in Paragraph 45 of the Complaint as they are not directed at these Defendants. To the extent the allegations are directed at these Defendants, Defendants deny the allegations contained in Paragraph 45 of the Complaint.

45. Defendants do not admit or deny the allegations contained in Paragraph 45 of the Complaint as they are not directed at these Defendants.[1]

46. Defendants do not admit or deny the allegations contained in Paragraph 46 of the Complaint as they are not directed at these Defendants. To the extent the allegations are directed at these Defendants, Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 46 of the Complaint.

47. Defendants do not admit or deny the allegations contained in Paragraph 47 of the Complaint as they are not directed at these Defendants. To the extent the allegations are directed at these Defendants, Defendants are without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 47 of the Complaint.

---

[1] Plaintiff's Complaint has two paragraphs numbered "45" and therefore Defendants' Answer matches Plaintiff's Complaint numbering.

48. Defendants do not admit or deny the allegations contained in Paragraph 48 of the Complaint as they are not directed at these Defendants. To the extent the allegations are directed at these Defendants, Defendants are without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 48 of the Complaint.

49. Defendants do not admit or deny the allegations of Paragraph 49 of the Complaint as they are not directed at these Defendants. To the extent they are directed at these Defendants, Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50. Defendants do not admit or deny the allegations contained in Paragraph 50 of the Complaint as they are not directed at these Defendants.

51. Defendants do not admit or deny the allegations contained in Paragraph 51 of the Complaint as they are not directed at these Defendants.

## V.    FIRST CAUSE OF ACTION

### Violations of Constitutional Rights
### Failure to Protect From Assault and Physical Injuries

52. Defendants repeat and incorporate by reference their responses to Paragraphs 1 through 52 as if those responses were set forth fully herein.

53. Defendants do not admit or deny the allegations contained in Paragraph 53 of the Complaint as they are not directed at these Defendants.  To the extent they are

directed at these Defendants, Defendants deny the allegations of Paragraph 53 of the Complaint.

54. Defendants do not admit or deny the allegations contained in Paragraph 54 of the Complaint as they are not directed at these Defendants. To the extent they are directed at these Defendants, Defendants deny the allegations in Paragraph 54 (including paragraphs 1 through 6 below).

1. Defendants do not admit or deny the allegations contained in Sub-Paragraph 1 of Paragraph 54 of Section V of the Complaint as they are not directed at these Defendants.

2. Defendants do not admit or deny the allegations contained in Sub-Paragraph 2 of Paragraph 54 of Section V of the Complaint as they are not directed at these Defendants.

3. Defendants do not admit or deny the allegations contained in Sub-Paragraph 3 of Paragraph 54 of Section V of the Complaint as they are not directed at these Defendants.

4. Defendants do not admit or deny the allegations contained in Sub-Paragraph 4 of Paragraph 54 of Section V of the Complaint as they are not directed at these Defendants.

5. Defendants do not admit or deny the allegations contained in Sub-Paragraph 5 of Paragraph 54 of Section V of the Complaint as they are not directed at these Defendants.

6. Defendants do not admit or deny the allegations contained in Sub-Paragraph 6 of Paragraph 54 of Section V of the Complaint as they are not directed at these Defendants.

## RELIEF REQUESTED

55. The allegations contained in Paragraph 55 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 55 of the Complaint.

56. The allegations contained in Paragraph 56 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 56 of the Complaint.

57. The allegations contained in Paragraph 57 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 57 of the Complaint.

58. The allegations contained in Paragraph 58 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 58 of the Complaint.

**WHEREFORE**, Defendants hereby demand judgment in their favor against Plaintiff, dismissing Plaintiff's Complaint with prejudice and awarding Defendants costs of suit, reasonable attorneys' fees and such other further relief as the Court deems just and equitable.

## VI.    SECOND CAUSE OF ACTION

### Hostile Working Environment, Unsafe Working Conditions, Racial and Religious Discrimination, Violations of Worker Safety, Health and Training Under OSHA.

59. Defendants repeat and incorporate by reference their responses to Paragraphs 1 through 59 as if those responses were set forth fully herein.

60. Defendants do not admit or deny the allegations contained in Paragraph 60 of the Complaint as they are not directed at these Defendants.  To the extent they are directed at these Defendants, Defendants deny the allegations of Paragraph 60.

61. Defendants do not admit or deny the allegations contained in Paragraph 61 of the Complaint as they are not directed at these Defendants.  To the extent they are directed at these Defendants, Defendants deny the allegations of Paragraph 61.

62. Defendants do not admit or deny the allegations contained in Paragraph 62 of the Complaint as they are not directed at these Defendants.  To the extent they are directed at these Defendants, Defendants deny the allegations of Paragraph 62.

**RELIEF REQUESTED**

63. The allegations contained in Paragraph 63 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 63 of the Complaint.

64. The allegations contained in Paragraph 64 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 64 of the Complaint.

65. The allegations contained in Paragraph 65 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 65 of the Complaint.

66. The allegations contained in Paragraph 66 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 66 of the Complaint.

67. The allegations contained in Paragraph 67 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 67 of the Complaint.

**WHEREFORE**, Defendants hereby demand judgment in their favor against Plaintiff, dismissing Plaintiff's Complaint with prejudice and awarding Defendants costs of suit, reasonable attorneys' fees and such other further relief as the Court deems just and equitable.

## VII.    THIRD CAUSE OF ACTION

### Medical Malpractice and Deliberate Indifference to Provide Emergency and Proper Health Treatment to an Injured Prisoner Medical Abuse, Physical and Psychological Torture

68. Defendants repeat and incorporate by reference their responses to Paragraphs 1 through 68 as if those responses were set forth fully herein.

69. Defendants deny the allegations contained in Paragraph 69 of the Complaint.

### RELIEF REQUESTED

70. The allegations contained in Paragraph 70 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 70 of the Complaint.

71. The allegations contained in Paragraph 71 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 71 of the Complaint.

72. The allegations contained in Paragraph 72 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 72 of the Complaint.

73. The allegations contained in Paragraph 73 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 73 of the Complaint.

74. The allegations contained in Paragraph 74 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 74 of the Complaint.

**WHEREFORE**, Defendants hereby demand judgment in their favor against Plaintiff, dismissing Plaintiff's Complaint with prejudice and awarding Defendants costs of suit, reasonable attorneys' fees and such other further relief as the Court deems just and equitable.

## VIII.    FOURTH CAUSE OF ACTION

### Lost of Property, Failure to Provide Proper Hygiene and Clothing for an Injured Prisoner Housed in the Infirmary and Unit 3EE

75. Defendants repeat and incorporate by reference their responses to Paragraphs 1 through 75 as if those responses were set forth fully herein.

76. Defendants do not admit or deny the allegations contained in Paragraph 76 of the Complaint as they are not directed at these Defendants.  To the extent they are directed at these Defendants, Defendants deny the allegations in Paragraph 76 of the Complaint.

77. Defendants do not admit or deny the allegations contained in Paragraph 77 of the Complaint as they are not directed at these Defendants.  To the extent they are directed at these Defendants, Defendants deny the allegations in Paragraph 77 of the Complaint.

## RELIEF REQUESTED

78. The allegations contained in Paragraph 78 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 78 of the Complaint.

79. The allegations contained in Paragraph 79 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 79 of the Complaint.

80. The allegations contained in Paragraph 80 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 80 of the Complaint.

**WHEREFORE**, Defendants hereby demand judgment in their favor against Plaintiff, dismissing Plaintiff's Complaint with prejudice and awarding Defendants costs of suit, reasonable attorneys' fees and such other further relief as the Court deems just and equitable.

## IX.   FIFTH CAUSE OF ACTION

### The Federal Prison Rape Elimination Act of 2003

81. Defendants repeat and incorporate by reference their responses to Paragraphs 1 through 81 as if those responses were set forth fully herein.

82. Defendants do not admit or deny the allegations contained in Paragraph 82 of the Complaint as they are not directed at these Defendants.  To the extent they are

directed at these Defendants, Defendants deny the allegations of Paragraph 82 of the Complaint.

83. Defendants do not admit or deny the allegations contained in Paragraph 83 of the Complaint as they are not directed at these Defendants. To the extent they are directed at these Defendants, Defendants deny the allegations of Paragraph 83 of the Complaint.

84. Defendants do not admit or deny the allegations contained in Paragraph 84 of the Complaint as they are not directed at these Defendants. To the extent they are directed at these Defendants, Defendants deny the allegations of Paragraph 84 of the Complaint.

85. Defendants do not admit or deny the allegations contained in Paragraph 85 of the Complaint as they are not directed at these Defendants.  To the extent they are directed at these Defendants, Defendants deny the allegations of Paragraph 85 of the Complaint.

86. Defendants do not admit or deny the allegations contained in Paragraph 86 of the Complaint as they are not directed at these Defendants. To the extent they are directed at these Defendants, Defendants deny the allegations of Paragraph 86 of the Complaint.

**RELIEF REQUESTED**

87. The allegations contained in Paragraph 87 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 87 of the Complaint.

88. The allegations contained in Paragraph 88 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 88 of the Complaint.

89. The allegations contained in Paragraph 89 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 89 of the Complaint.

**WHEREFORE**, Defendants hereby demand judgment in their favor against Plaintiff, dismissing Plaintiff's Complaint with prejudice and awarding Defendants costs of suit, reasonable attorneys' fees and such other further relief as the Court deems just and equitable.

**SEPARATE DEFENSES**

**FIRST SEPARATE DEFENSE**

Plaintiff's Complaint fails to state a cause of action against Defendants upon which relief can be granted, and Defendants hereby reserve the right to move at or before the time of trial to dismiss said Complaint.

## SECOND SEPARATE DEFENSE

At all times relevant hereto, Defendants acted in good faith and without fraud or malice.

## THIRD SEPARATE DEFENSE

Defendants did not deprive Plaintiff of any right, privilege or immunity secured to him by the Constitution and laws of the United States or the State of New Jersey.

## FOURTH SEPARATE DEFENSE

Plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(A).

## FIFTH SEPARATE DEFENSE

Plaintiff's action is subject to all affirmative defenses available pursuant to the Prison Litigation Reform Act of 1995.

## SIXTH SEPARATE DEFENSE

To the extent the Complaint asserts tort claims against Defendants, Defendants are protected pursuant to N.J.S.A. 2A:53A-7 (New Jersey Charitable Immunity Act) for the claims asserted herein.

## SEVENTH SEPARATE DEFENSE

To the extent the Complaint asserts tort and/or medical malpractice claims against Defendants, Plaintiff's claims are barred by the immunities and protections provided by the New Jersey Tort Claims Act.

## EIGHTH SEPARATE DEFENSE

To the extent the Complaint asserts tort and/or medical malpractice claims against Defendants, Plaintiff's claims are barred by Plaintiff's failure to comply with the notice provisions of the New Jersey Tort Claims Act.

## NINTH SEPARATE DEFENSE

To the extent the Complaint asserts a medical malpractice claim, Defendants assert any and all defenses under the Affidavit of Merit Statute, N.J.S.A. 2A:53-27.

## TENTH SEPARATE DEFENSE

Defendants are not liable for acts taken in good faith.

## ELEVENTH SEPARATE DEFENSE

To the extent it is alleged, Defendants did not act with willful misconduct.

## TWELFTH SEPARATE DEFENSE

This action is barred by Plaintiff's failure to comply with the applicable Statute of Limitations.

## THIRTEENTH SEPARATE DEFENSE

Plaintiff is not entitled to interest on any monetary award.

## FOURTEENTH SEPARATE DEFENSE

Plaintiff is not entitled to punitive or exemplary damages against Defendants.

## FIFTEENTH SEPARATE DEFENSE

To the extent the Complaint asserts tort claims against Defendants, Plaintiff was contributorily and comparatively negligent and his claim for recovery must be reduced to the extent of his own negligence.

## SIXTEENTH SEPARATE DEFENSE

Plaintiff's action is barred by the doctrine of waiver.

## SEVENTEENTH SEPARATE DEFENSE

Plaintiff's action is barred by the doctrines of laches.

## EIGHTEENTH SEPARATE DEFENSE

Plaintiff's action is barred by the doctrine of collateral estoppel and/or equitable estoppel.

## NINETEENTH SEPARATE DEFENSE

Defendants breached no duty to any party to this action and, therefore, is not liable directly or vicariously to any party in this action.

## TWENTIETH SEPARATE DEFENSE

Any and all damages suffered by Plaintiff was due to Plaintiff's own negligence or that of third parties over whom Defendants had no control.

## TWENTY FIRST SEPARATE DEFENSE

No act or omission of Defendants were the proximate cause of Plaintiff's alleged injuries, and Plaintiff's own conduct constituted an intervening and superseding cause.

## TWENTY SECOND SEPARATE DEFENSE

Defendants acted as reasonably prudent persons at all relevant times.

## TWENTY THIRD SEPARATE DEFENSE

Defendants are immune from civil liability for any damages sought by Plaintiff pursuant to N.J.S.A. 30:4-16 *et seq.*

## TWENTY FOURTH SEPARATE DEFENSE

Plaintiff has not demonstrated deliberate indifference to a serious medical need.

## THIRTY FIFTH SEPARATE DEFENSE

Any recovery due to Plaintiff is subject to the limitation of damages pursuant to the New Jersey Punitive Damages Act, N.J.S.A. 2A:15-5.9.

## TWENTY SIXTH SEPARATE DEFENSE

Defendants are entitled to good faith and/or qualified immunity.

## TWENTY SEVENTH SEPARATE DEFENSE

Plaintiff's Complaint contains insufficient information to permit Defendants to raise all appropriate defenses, and, therefore, Defendants reserve the right to amend and/or supplement this Answer with additional affirmative defenses.

**WHEREFORE**, Defendants hereby demand judgment in their favor against Plaintiff, dismissing the Complaint with prejudice, and awarding them costs of suit, reasonable attorneys' fees and such other further relief as the Court deems just and equitable.

## DESIGNATION OF TRIAL COUNSEL

Defendants hereby designate as trial counsel Margaret Raymond-Flood, Esq.

**NORRIS McLAUGHLIN, P.A.**
*Attorneys for Defendant*
*Dr. Samuel Lopez, Dr. Ihuoma*
*Nwachukwu, and Kenneth B. Bass,*
*i/p/a Nurse Bass*

By:*/s/ Margaret Raymond-Flood*

Dated: May 13, 2026                    Margaret Raymond-Flood, Esq.