**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOHN DOE,<br><br>*Plaintiff*,<br><br>v.<br><br>NEW JERSEY STATE PRISON, *et al*.,<br><br>*Defendants*. | Civil Action No. 24-8290 (ZNQ) (JTQ)<br><br>**OPINION** |

**QURAISHI, District Judge**

**THIS MATTER** comes before the Court upon the Motion to Dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) filed by Defendant Ashraf E. Haggag, M.D. ("Dr. Haggag").[1] (ECF No. 28.) Dr. Haggag filed a brief (ECF No. 28-1), a certification of counsel (ECF No. 28-2), and the Complaint as Exhibit A (ECF No. 28-5). *Pro se* Plaintiff John Doe ("Plaintiff"), an inmate, has not filed opposition. The Court has considered the moving papers and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons below, the Motion is **GRANTED**. The claims against Dr. Haggag are **DISMISSED WITHOUT PREJUDICE**, and Plaintiff is granted leave to file an amended complaint as to Dr. Haggag.

[1] The Complaint and the Court's prior opinion refer to this defendant as "Dr. Haggad." (ECF No. 1 ¶ 16; ECF No. 12 at 3, 10.) Defense counsel states that the correct spelling is "Haggag." (ECF No. 28-1 at 1.) The Court uses counsel's spelling and directs the Clerk to correct the docket.

# I. BACKGROUND AND PROCEDURAL HISTORY

## A. The Complaint

Plaintiff alleges that he was assaulted in New Jersey State Prison ("NJSP") by other inmates on two occasions in July 2022, and that prison officials failed to protect him and then retaliated against him. (ECF No. 1 ¶¶ 27–40, 42, 50.) He also alleges that he received inadequate medical care after the second assault, which left him with lacerations and neck, jaw, and back injuries. (*Id.* ¶¶ 33–35, 44, 46–49, 51.)

The medical allegations name particular providers. Plaintiff alleges that Dr. Nwachukwu, the infirmary physician, denied him a neck brace and a pillow, kept him in the infirmary for nine days, and then diagnosed only bruises. (*Id.* ¶ 35.) He alleges that Nurse Bass gave him only pain medication. (*Id.* ¶ 28.) He alleges that Nurse Practitioner Amazon refused to refer him to a physician or specialist, and twice questioned him about his injuries within other inmates' hearing. (*Id.* ¶¶ 44, 51.) He alleges that an unnamed dentist saw nothing wrong with his jaw. (*Id.* ¶ 41.)

Dr. Haggag appears twice in the Complaint. He is named in the caption. He is also named in paragraph 16, a "Parties" paragraph. That paragraph lists "University Correctional Healthcare Rutgers," "Prison Clinic Dr. Haggad," Nurses Amazon and Bass, Oral Surgeon Samuel Lopez, Dr. Diaz, and "John and Jane Does" as "the professionals responsible for the health care, diagnosis, treatment and safety, security, and supervision during Plaintiff's visits to the Prison Clinic." (*Id.* ¶ 16.) No other paragraph mentions him. Plaintiff's lists of grievances, sick-call requests, and Ombudsman correspondence likewise do not identify him. (*Id.* ¶¶ 46–49.) The five enumerated causes of action are pleaded collectively against "all defendants." (*Id.* ¶¶ 52–89.)

## B. Procedural History

Plaintiff filed the Complaint in August 2024. The Court granted his request to proceed under a pseudonym. (ECF Nos. 4, 5.) On June 25, 2025, the Court granted *in forma pauperis* status

and screened the Complaint under 28 U.S.C. § 1915(e)(2)(B). (ECF Nos. 12 ("Screening Opinion"), 13.) The Court allowed three claims to proceed against certain defendants in their individual capacities: failure to protect, deliberate indifference to serious medical needs, and retaliation. (ECF No. 12 at 9–11, 16.) It dismissed the claims arising under the Prison Rape Elimination Act ("PREA") and the Occupational Safety and Health Act ("OSHA"), and lost-property claims with prejudice. It dismissed official-capacity damages claims as barred by the Eleventh Amendment. And it dismissed without prejudice the claims against Administrator Davis, Commissioner Kuhn, the cookhouse supervisors, and the Institutional Trade Instructors for failure to plead personal involvement. (*Id.* at 11–15.) The Court gave Plaintiff leave to amend as to the claims dismissed without prejudice. (*Id.* at 13 n.3, 14–15.) The docket reflects no amended pleading.

In describing the medical claim, the Screening Opinion listed Dr. Haggag among the defendants against whom it could proceed: "Doctors Nwachukwu, Haggad, Lopez, and Diaz, as well as Nurses Amazon and Bass." (*Id.* at 10.) Summonses issued for the medical defendants in February 2026. (ECF No. 17.) Dr. Nwachukwu, Dr. Lopez, and Nurse Bass have answered. (ECF No. 31.) Dr. Haggag filed this Motion through counsel on April 30, 2026, before answering. (ECF Nos. 27, 28.) He argues that the Complaint alleges nothing he did or failed to do, and that it therefore fails to state any claim against him, including a state-law malpractice claim. (ECF No. 28-1 at 7–9.) He asks for dismissal with prejudice. (*Id.* at 9.) Plaintiff has not responded. The Magistrate Judge's May 13, 2026 service order gave Plaintiff 45 days to respond to any motion to dismiss (ECF No. 30 ¶ 7), and that period has run whether counted from April 30 or from May 13, 2026.

## II. <u>LEGAL STANDARD</u>

### A. Rule 12(b)(6)

Rule 12(b)(6) permits dismissal of a claim that fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Court accepts the complaint's factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). The Court first identifies the elements of the claim. It then sets aside allegations that are mere legal conclusions. Finally, it asks whether the remaining well-pleaded facts plausibly entitle the plaintiff to relief. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). A claim is facially plausible when the pleaded facts permit "the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[L]abels and conclusions" and "a formulaic recitation of the elements of a cause of action" do not suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### B. *Pro Se* Pleadings

A *pro se* complaint is construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). If a complaint is vulnerable to dismissal, a court must ordinarily offer a curative amendment unless amendment would be inequitable or futile. *Phillips*, 515 F.3d at 236; *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

### C. Section 1983 and Personal Involvement

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a federal right by a person acting under color of state law. *Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011). Liability under § 1983 cannot rest on *respondeat superior*. A plaintiff

must plead that each defendant, "through the official's own individual actions," violated the Constitution. *Iqbal*, 556 U.S. at 676; *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Allegations of personal involvement must be made with appropriate particularity. *Rode*, 845 F.2d at 1207.

**D. Unopposed Motions**

That Plaintiff has not responded does not entitle Dr. Haggag to dismissal by default. A court must still determine whether the complaint states a claim. *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991).

**E. Interlocutory Rulings**

An order that does not end the action as to all claims and parties "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Under the law-of-the-case doctrine, a court generally should not revisit its own earlier rulings without good reason. But the doctrine does not limit a court's power to reconsider interlocutory orders when circumstances warrant. *See Pub. Interest Research Grp. of N.J., Inc. v. Magnesium Elektron, Inc.*, 123 F.3d 111, 116–17 (3d Cir. 1997).

## III. DISCUSSION

**A. The Screening Opinion Does Not Foreclose This Motion**

The Court begins with a threshold matter that Dr. Haggag's brief does not address. The Screening Opinion permitted a deliberate-indifference claim to proceed against "Dr. Haggad" among others. (ECF No. 12 at 10.) The Court does not read that ruling as barring this Motion, for three reasons.

*First*, screening under § 1915(e)(2)(B) is a preliminary review conducted *sua sponte*, without adversarial briefing. The Court's conclusions were expressly provisional: the claims could proceed "at this time" and "at this juncture." (*Id.* at 9–11.) Section 1915(e)(2) itself directs that the

court "shall dismiss the case at any time if the court determines that" the action "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii), and a defendant is not barred from testing the pleading under Rule 12(b)(6) once he appears. The standards are the same, *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012), but a motion supplies a focused argument that screening cannot.

*Second*, the Screening Opinion is an interlocutory order. It is subject to revision under Rule 54(b), and the law-of-the-case doctrine does not prevent the Court from correcting it. *Magnesium Elektron*, 123 F.3d at 116–17; *United States ex rel. Petratos v. Genentech Inc.*, 855 F.3d 481, 493 (3d Cir. 2017) (interlocutory orders are "open to trial court reconsideration, and do not constitute the law of the case").

*Third*, the Court now concludes that the Screening Opinion's treatment of Dr. Haggag was too generous. The Screening Opinion described the medical defendants in a group and said they "were involved in treating — or allegedly neglecting to treat — Plaintiff's injuries." (ECF No. 12 at 3.) Its analysis then attributed specific acts to Dr. Nwachukwu and Nurses Amazon and Bass. It pointed to no allegation describing anything Dr. Haggag did. (*Id.* at 10.) Having now reviewed the Complaint with the benefit of Dr. Haggag's brief, the Court finds no such allegation. In the same Screening Opinion, the Court dismissed the claims against the cookhouse supervisors and Institutional Trade Instructors because Plaintiff "fail[ed] to connect Defendants to the alleged wrongdoing in a manner sufficient to put them on notice of what each is alleged to have done." (*Id.* at 14.) That reasoning applies equally to Dr. Haggag. Consistency necessitates the same result.

**B. Plaintiff's Failure to Respond**

Plaintiff has not opposed the Motion. The Court has considered whether that silence can be attributed to lack of notice. Dr. Haggag's moving papers were directed to Plaintiff by mail at NJSP, P.O. Box 861. (ECF No. 28 at 1.) But the docket reflects that mail to Plaintiff has twice

been returned as undeliverable (ECF Nos. 11, 21), that Plaintiff filed a change of address in February 2026 (ECF No. 16), and that the Clerk's records list Plaintiff at a different institution. The Court's May 13, 2026 order told Plaintiff that he would have 45 days to respond to any motion to dismiss and cautioned him that a granted motion could bar future litigation of the claim. (ECF No. 30 ¶ 7.) The Court need not decide whether Plaintiff actually received that order or the Motion. Under *Stackhouse*, the Court addresses the sufficiency of the pleading on its merits. And because the dismissal below is without prejudice and carries leave to amend, Plaintiff will not be prejudiced by any lapse in notice.[2]

**C. The Complaint Does Not State an Eighth Amendment Claim Against Dr. Haggag**

As the Court explained, a prison official violates the Eighth Amendment when he is deliberately indifferent to a prisoner's serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976). A plaintiff must plausibly allege (1) a serious medical need and (2) acts or omissions by the defendant that show deliberate indifference to that need. *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003); *Monmouth County Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 346–47 (3d Cir. 1987). The second element is personal. The plaintiff must allege facts showing what *this* defendant knew and what *this* defendant did or did not do. *Rode*, 845 F.2d at 1207; *Iqbal*, 556 U.S. at 676.

The Complaint pleads serious medical needs. A head laceration requiring sutures, along with neck and back pain, plausibly qualifies. The Complaint also pleads facts that plausibly show deliberate indifference by *other* providers. But it pleads nothing at all as to Dr. Haggag. He is

[2] The Court also notes that the docket contains no return of service or waiver of service as to Dr. Haggag. A summons issued for him (ECF No. 17), but no executed summons has been filed. The Court need not decide whether he was properly served. Dr. Haggag appeared through counsel and moved to dismiss under Rule 12(b)(6) without objecting to the sufficiency of process or service of process. A party who makes a Rule 12 motion that omits those defenses waives them. Fed. R. Civ. P. 12(g)(2), (h)(1)(A). The Court therefore treats Dr. Haggag as properly before it for purposes of this Motion.

named in a single sentence of the Complaint, and that sentence says only that he and five other providers were "responsible for" Plaintiff's care during clinic visits. (ECF No. 1 ¶ 16.) That is a statement of job description. It is not an allegation of conduct. Plaintiff does not allege that Dr. Haggag examined him, that Plaintiff ever spoke with him, that he reviewed a sick-call request or grievance, that he prescribed or withheld anything, or that he knew of and disregarded Plaintiff's condition. Plaintiff's chronology of medical events, his grievance log, and his Ombudsman correspondence do not mention Dr. Haggag. (*Id.* ¶¶ 28, 35, 41, 44, 46–49, 51.) Where the Complaint wished to attribute a medical decision to a particular provider, it did so by name. The absence of Dr. Haggag from those paragraphs is telling.

Nor can the Complaint's collective allegations fill the gap. Each cause of action is pleaded against "all defendants." (*Id.* ¶¶ 52–89.) Group pleading of that kind does not give a defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Phillips*, 515 F.3d at 232 (quoting *Twombly*, 550 U.S. at 555); *see also Aruanno v. Main*, 467 F. App'x 134, 137–38 (3d Cir. 2012). The Court cannot infer personal involvement from Dr. Haggag's inclusion in a list of providers. If it did, it would be imposing liability by title rather than by conduct, which § 1983 does not allow. *Iqbal*, 556 U.S. at 676–77.

Plaintiff also has not pleaded a theory of supervisory liability. A supervisor may be liable if he established or maintained a policy, practice, or custom that caused the harm with deliberate indifference, or if he participated in, directed, or knowingly acquiesced in the violation. *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004). The Complaint does not allege that Dr. Haggag supervised any other provider or had any role in setting clinic policy.

Dr. Haggag also argues that Plaintiff's failure-to-protect, hostile-work-environment, property, and PREA counts do not reach a treating physician. (ECF No. 28-1 at 8–9.) The Court agrees, but little turns on the point. The Screening Opinion did not permit those theories to proceed against any medical defendant, and several of them were dismissed with prejudice. (ECF No. 12 at 11–13.) The only claim that could be asserted against Dr. Haggag is deliberate indifference, and that claim fails for the reasons above.

**D. The State-Law Malpractice Claim Fails for the Same Reason**

The Third Cause of Action also invokes state-law medical malpractice. (ECF No. 1 ¶¶ 68–74.) The Court has supplemental jurisdiction over it because the federal claims remain pending against other defendants. 28 U.S.C. § 1367(a). Under New Jersey law, a malpractice plaintiff must establish the applicable standard of care, a deviation from that standard, and proximate causation. *Verdicchio v. Ricca*, 179 N.J. 1, 23 (2004); *Hottenstein v. City of Sea Isle City*, 977 F. Supp. 2d 353, 367 (D.N.J. 2013). Each element presupposes a professional relationship in which a duty of care arose. Plaintiffalleges no facts showing that Dr. Haggag treated Plaintiff or assumed responsibility for his care. Without such facts, Plaintiff pleads no duty, no deviation, and no causation as to him. The state-law claim against Dr. Haggag is therefore dismissed.[3]

**E. Dismissal Is Without Prejudice**

Dr. Haggag asks for dismissal with prejudice. The Court declines. Plaintiff is a *pro se* litigant, and this is the first time a court has tested the sufficiency of his allegations against Dr. Haggag with the benefit of any adversarial presentation. The defect is a lack of factual detail, not a legal bar. Plaintiff alleges he was treated at the prison clinic and made repeated requests for

[3] In any amended pleading, Plaintiff should be aware that a state-law malpractice claim against a licensed physician is generally subject to New Jersey's Affidavit of Merit statute, N.J.S.A. 2A:53A-26 to -29, which is substantive state law that federal courts apply. *See Chamberlain v. Giampapa*, 210 F.3d 154, 161 (3d Cir. 2000) (diversity action). The Court expresses no view on whether the statute would apply to any particular claim Plaintiff may plead.

medical care. He may be able to allege facts connecting Dr. Haggag to that care. The Court cannot say that amendment would be futile. *Grayson*, 293 F.3d at 108; *Phillips*, 515 F.3d at 236. The Court also gave Plaintiff the same opportunity as to other defendants dismissed for the same reason. (ECF No. 12 at 13 n.3, 14–15.)

Any amended complaint must be complete in itself and must include all defendants and claims Plaintiff intends to pursue in this action, including the claims that remain pending against the other defendants. It should state, as to Dr. Haggag: what he did or failed to do, when and where it happened, what Plaintiff told him or what he otherwise knew, and how his conduct caused harm. If Plaintiff cannot allege such facts consistent with Federal Rule of Civil Procedure 11, he may choose not to replead as to Dr. Haggag. This action will continue against the remaining defendants.

## IV. <u>CONCLUSION</u>

For the reasons stated above, the Court will grant Dr. Haggag's Motion to Dismiss, but without prejudice. An appropriate Order follows.

Date: November 19, 2026

______________________________
ZAHID N. QURAISHI
UNITED STATES DISTRICT JUDGE